BAILEY, appellant, v. BERGEN.

*Assignment for benefit of creditors — Application of moneys upon notes falling due at different dates — Defense — equitable to legal action — Pleading.*

Plaintiff held three notes made by C., and indorsed by B., and falling due at various times. Before either came due C. made a general assignment, for the benefit of his creditors, to plaintiff, in which assignment these notes were preferred. Plaintiff collected, as assignee, enough money to pay the notes in part. *Held*, that the application of the sum received in payment of the notes first falling due was proper; the assignee was not obliged to apply it upon each note *pro rata*.

In an action against the indorser of the notes, *held*, that the indorser might compel plaintiff to account, as assignee, for the assets of the debtor received by him, and the recovery on the note would be limited to the amount due after taking the account. But such relief should be asked for by the answer, and an allegation that plaintiff, as assignee, had received a sum sufficient to pay the preferred creditors, and that the note had been fully paid, was not sufficient.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought in Genesee county by Lucian R. Bailey against John H. Bergen, executor of the last will and testament of Maria F. Bergen, deceased, to recover the amount claimed to be due upon a promissory note indorsed by defendant's testator. The note in suit was one of three, each for $1,000 and interest, made by one W. N. Cross and indorsed by said testator, and payable successively in eleven, twenty-three and thirty-five months from date. These notes were transferred to plaintiff in payment for a stock of goods sold by him to the firm of Cross & Wilson, of which the maker was partner.

Subsequent to the making and delivery of the notes, the firm of

Cross & Wilson made a general assignment, for the benefit of creditors, to plaintiff. It was provided in such assignment that certain debts named in a schedule annexed thereto, among which were the notes mentioned, should be first paid in full before payment of other debts, and in case an amount should not be received sufficient to pay the preferred debts in full, they should be paid *pro rata*. Plaintiff collected, as assignee, moneys from time to time which he applied toward the payment of notes, indorsing the amounts so received upon the notes first to become due. Two of the notes were thus canceled and the sum of $422.41 had been indorsed as paid upon the note in suit. At the time this action was commenced there were no funds in plaintiff's hands, as assignee. After its commencement he received $355.60.

The referee reported that the plaintiff had in his hands assets which should have been applied upon the note in suit, and gave judgment in favor of plaintiff for $194.50, from which plaintiff, who claimed a larger amount to be due, appealed. Other material facts appear in the opinion.

*Geo. Bowen,* for appellant.

*John H. Bergen,* for respondent.

E. DARWIN SMITH, J. The referee erred, I think, in finding that only the sum of $194.50 was due upon the note of Mrs. Bergen in suit.

Assuming that the referee had a right to require the plaintiff, as he was both the creditor and assignee of Cross & Wilson and the holder of the three notes indorsed by Mrs. Bergen and preferred in the assignment of said Cross & Wilson, to account for the assets received by him as such assignee and applicable to the payment of such notes, yet I think he erred in holding in effect that the assignee was bound to apply such assets ratably on the three notes of Mrs. Bergen. The plaintiff held three notes of $1,000 each indorsed by Mrs. Bergen and payable in eleven, twenty-three and thirty-five months respectively.

As the creditor and debtor were the same and no other person was interested in the question, I think the assignee might apply the money in his hands applicable to the payment of these three notes to extinguish them in their order as they fell due.

This, it appears, he did, having paid, canceled and surrendered up the two notes which first matured, amounting to $2,180.76, and applied the proportion of residue of the money in his hands at the time of the commencement of the action payable under the assignment on the notes indorsed by Mrs. Bergen, amounting to $422, upon the third note last matured so indorsed, being the note in suit. Strictly, the plaintiff was entitled to recover at law for the balance unpaid upon such note.

So far as the plaintiff had received money from the assets of the principal debtors and applied them on the notes of Mrs. Bergen, the referee was entitled to receive the proof and hold the notes as paid, or paid *pro tanto,* but so far as they were not in fact paid the plaintiff was entitled to recover at law.

As a defendant may now set up an equitable defense and have affirmative relief upon his equity in an action at law, the defendant doubtless might, by proper allegations in his answer, have required the plaintiff to account as assignee in this action for the assets of the firm of Cross & Wilson in his hands and have had the recovery upon this note limited to the amount actually remaining due thereon after the taking of such account, but the defendant has sought or asked for no such affirmative relief.

The allegation of the answer was that the plaintiff as such assignee had collected and received more than sufficient from the assets of Cross & Wilson to pay off the preferred creditors of such firm, and that the note in suit had been fully paid.

Mrs. Bergen as the defendant clearly had no defense to these notes. They were made and indorsed to be turned out to the plaintiff in payment for goods sold, and were so used.

The question whether the plaintiff was entitled to recover costs it is unnecessary to consider, as the action must be re-tried.

The judgment should be reversed, a new trial had, with costs to abide the final decision of the court.

*Judgment reversed and new trial ordered.*